# OPINIONS OF THE JUSTICES.

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Home Rule Amendment, Municipalities. *Municipal Corporations*, Home rule, Charter.

A bill setting forth a process enabling a portion of Boston to become a separate city was not properly pending before the General Court for enactment as a "special law" under § 8 (4) of art. 89 of the Amendments to the Massachusetts Constitution (Home Rule Amendment), where the bill did not provide solely for the incorporation of a city, as contemplated by § 8 (4), but instead dealt with the possibility of such incorporation, with the decision to be made not by the General Court but by certain voters in Boston. [1203-1204]

On July 29, 1993, the Justices submitted the following answers to questions propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court submit their answers to the questions set forth in an order adopted by the House of Representatives on June 16, 1993, and transmitted to this court on June 22, 1993. The order indicates that there is pending before the General Court, a bill House No. 5217, entitled "An Act relative to the incorporation of new city from various existing precincts in the city of Boston." A copy of the bill was transmitted with the order. The order recites that the bill is not a home rule petition and that it was neither voted by the city council nor signed by the mayor of Boston.

Because of doubts concerning the constitutionality of the bill if it were enacted into law, the order seeks the opinions of the Justices on the following questions:

> "1. Is this bill, which deals solely with certain precincts within the city of Boston and requires certain actions to be performed and elections held in certain precincts of said city, properly before the General Court or is it in violation of section 8 of amended article 2 of the Constitution of the Commonwealth?
>
> "2. Is this bill, for the incorporation of a city as a corporate entity, in conformity with powers reserved to the General Court under the provisions of section 8 of amended article 2 of the Constitution of the Commonwealth?"

The questions concern § 8 of art. 89 of the amendments to the Constitution of the Commonwealth (which amended art. 2 of the Amendments to the Constitution of the Commonwealth), commonly referred to as the Home Rule Amendment. Section 8 bars the General Court from enacting a law that, like the proposed bill, singles out a city or town for special treatment (see *Edwards* v. *Boston*, 408 Mass. 643, 653 [1990]; *Belin* v. *Secretary of the Commonwealth*, 362 Mass. 530, 535 [1972]), except by special laws in certain circumstances. The questions posed to us in effect ask whether the proposed bill is a special law which under the Home Rule Amendment the General Court may properly enact. Because the proposed bill was not filed or approved by the voters of Boston or by the mayor and city council of Boston (art. 89, § 8 [1]) and because the bill has not been recommended by the Governor (art. 89, § 8 [2]), the bill may properly be enacted only if it would be a special law enacted pursuant to the fourth numbered subsection of § 8. That subsection provides that a special law concerning a single municipality may be enacted "(4) *solely for the incorporation* or dissolution *of cities* or towns *as corporate entities*, alteration of city or town boundaries, and merger or consolidation of cities and towns, or any of these matters" (emphasis added). Although

that subsection refers to a special law solely for the incorporation of cities or towns in the plural, we construe it to authorize a special law solely for the incorporation of a single city or town as a corporate entity.

The issue underlying each question is whether the proposed bill is solely for the incorporation of a city as a corporate entity and, thus, may be enacted. The answer must be found in the nature and scope of the proposed bill.

The proposed bill sets forth a process by which a portion of Boston may become a separate city. The bill provides that at the next biennial election following its enactment, a question shall be submitted to the voters in certain wards and in certain precincts in certain other wards in Boston asking whether a nine-member charter commission shall be elected to review and to recommend the adoption of a charter for incorporating those wards and precincts as a new city of the Commonwealth. § 1. Sections 2 and 3 of the proposed bill provide for the nomination and election of members of the charter commission. The commission may study any subject relevant to the property, affairs, or government of the new city and any matter it considers pertinent to those matters (§ 4) and may appoint various advisory committees (§§ 4A, 4B, 4C, 4D).

Between eighteen and twenty-four months following its election, the commission must, in a detailed report, "submit its recommendations as to the economic feasibility of incorporating" and, if supported by a majority of the commission, must submit a proposed charter. § 5. The commission must hold public hearings, after which it may adopt amendments in any proposed charter and may approve submission of the charter to the voters in the same wards and precincts whose voters elected the commission. *Id.* If the charter receives the affirmative vote of a majority of the votes cast, the charter shall take effect as therein provided. § 6. If the charter is not approved but a majority of the voters votes to continue the charter commission for the purpose of drafting an alternative proposed charter, the commission may draft such an alternative charter for submission to the voters in the same wards

and precincts of wards. *Id.* Section 9 of the proposed bill provides that commission members shall be allowed their actual and necessary expenses (from a source not identified), may retain employees and consultants, and may conduct hearings with the power to subpoena witnesses. "Upon the acceptance of the charter by the voters . . . said municipality is hereby vested with all the powers, privileges, rights and immunities, and subject to all the duties and obligations conferred or imposed upon municipalities by the constitution and laws of the Commonwealth." § 10.

The proposed bill does not provide "solely for the incorporation . . . of [a city] as [a] corporate entit[y]." Art. 89, § 8 (4). It provides only for the possibility of such an incorporation. Moreover, it provides this possibility not by a special law enacted by the Legislature but by the action of voters in certain portions of Boston.

A special law, to satisfy § 8 (4), must be enacted "solely" for the incorporation of a city "as [a] corporate entit[y]." We conclude that the word "solely" and the emphatic, perhaps even redundant, words "as [a] corporate entit[y]" do not permit the enactment of a special law that deals only with the possibility of an incorporation of a city, with the decision concerning incorporation made not by the General Court but by certain voters in Boston. If the proposed special law were enacted, no city would then be incorporated. The enactment would permit a decision that the city not be incorporated. That being so, the enactment of a special law would obviously not be solely for the incorporation of a city as a corporate entity.

The first numbered paragraph setting forth the question of law in the order contains two questions. The answers are "No," the bill is not properly before the General Court for enactment, and "Yes," the bill in the present circumstances is in violation of § 8 of the Home Rule Amendment. We answer the question in the second numbered paragraph, "No," because the proposed bill is not in conformity with the powers of the General Court under art. 89, § 8.

The foregoing answers and opinion are submitted by the Chief Justice and Associate Justices subscribing hereto on the 29th day of July, 1993.

PAUL J. LIACOS
HERBERT P. WILKINS
RUTH I. ABRAMS
JOSEPH R. NOLAN
NEIL L. LYNCH
FRANCIS P. O'CONNOR
JOHN M. GREANEY